IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CARLOS CORTINAS,                        §
                                        §
              Movant,                   §
                                        §
V.                                      §        NO. 4:19-CV-1042-O
                                        §        (NO. 4:16-CR-278-O)
UNITED STATES OF AMERICA,               §
                                        §
              Respondent.               §

## OPINION AND ORDER

Came on for consideration the motion of Carlos Cortinas, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:16-CR-278-O, and applicable authorities, finds that the motion should be denied.

## I. BACKGROUND

The record in the underlying criminal case reflects the following:

On December 14, 2016, movant and two others, Chadwick Hernandez ("Hernandez") and David Piper, Jr. ("Piper"), were named in a one-count indictment charging them with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 54. Raul A. Canez ("Canez") entered an appearance on behalf of movant as appointed counsel. CR Doc. 78. Movant entered a plea of not guilty. CR Doc. 77.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-278-O.

On February 15, 2017, movant, Hernandez, and Piper were named in a superseding indictment charging them with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc. 92. Movant entered a plea of not guilty. CR Doc. 101. The case was tried to a jury, which found movant guilty. CR Doc. 147.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 34. CR Doc. 159, ¶ 26. He received a two-level increase for importation. *Id.* ¶ 27. Based on a total offense level of 36 and a criminal history category of II, his guideline range was 210 to 262 months. *Id.* ¶ 83. The government objected that the PSR did not accurately reflect the statutory range of punishment as movant was subject to a penalty of not less than 10 years and up to life imprisonment. CR Doc. 164. The probation officer prepared an addendum to the PSR accepting the objection. CR Doc. 183. Movant filed objections. CR Doc. 225. The probation officer prepared a second addendum to the PSR, determining that movant should be held accountable for 4.7 kilograms of methamphetamine, resulting in a base offense level of 32. As a result, his guideline imprisonment range became 168 to 210 months. CR Doc. 229.

The Court sentenced movant to a term of imprisonment of 168 months. CR Doc. 234. He appealed. CR Doc. 237. The United States Court of Appeals for the Fifth Circuit affirmed his judgment and sentence. United States v. Piper, 912 F.3d 847 (5th Cir. 2019). Movant did not file a petition for writ of certiorari.

2

## II.  GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion.[2] First, he says Canez was ineffective in failing to adequately cross examine three of the government's witnesses. Doc.[3] 1 at 4. Second, he says Canez was ineffective in failing to move for a severance from co-defendant Piper. *Id.* at 9. And, third, he says that the evidence was insufficient to establish his guilt beyond a reasonable doubt. *Id.* at 10.

## III.  APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and

---

[2] Movant purports to assert a fourth ground, but it is simply a plea for an evidentiary hearing. Doc. 1 at 13.

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In his first ground, movant says that he received ineffective assistance of counsel because Canez did not properly cross examine three of the government's witnesses at trial. He says that Canez "chose[4] to only focus on the relationship, 'brotherhood,' of Robert Rosales and [movant]" and did not attack Rosales's testimony that he sold methamphetamine to movant or attempt to show that movant never entered into an agreement with Rosales or Piper to sell or possess methamphetamine. Doc. 1 at 5–6. He says that Canez only questioned Jose Garza about the drive from Arlington to Bolivar and did not attack his testimony accusing movant of being Rosales's connection to Piper. *Id.* at 6. And, he says that Canez only asked how many times Anthony Munoz met movant instead of attacking Munoz's credibility. *Id.* at 7.

As movant notes, a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance unless it is so ill chosen that it permeates the entire trial with obvious unfairness. Doc. 1 at 7–8 (quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)); *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983). He fails to show, however, that Canez's actions on his behalf meet the test. He does not point specifically to anything Canez did or failed to do that caused him harm. He just says in a conclusory manner that had Canez put forth an adequate defense, movant would not have been found guilty. Such allegations are not sufficient. *Miller*, 200 F.3d at 282.

The record reflects that Canez did as much as he could to discredit the testimony of the three witnesses. Garza testified that he drove movant and Rosales to Missouri to deliver

---

[4] Thus, movant recognizes that Canez made a strategic choice in determining how to conduct cross-examination. *See United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014)(because decisions regarding cross-examination are strategic, they usually will not support a claim of ineffective assistance).

5

methamphetamine to Piper. The best Canez could do was attack Garza's credibility based on testimony that Garza would make a 7 ½ to 8 hour trip to Missouri in as little as 4 hours. Rosales had known movant since childhood. When Canez questioned him on cross-examination, Rosales said he only hung out with movant when it was time for business. CR Doc. 246 at 164. Obviously, any further questioning would not have been fruitful and probably would have been harmful to movant. As for Munoz, who had testified that he delivered methamphetamine to movant on behalf of Rosales, there was little to be accomplished on cross-examination. As the government points out, the testimony of the three witnesses was corroborated through testimony of government agents. Doc. 12 at 13. In particular, Special Agent Martinez testified as to communications between the co-conspirators, showing that movant was in contact with the others, whether by phone or text. CR Doc. 247 at 45–73. As the government further notes, Canez was able to ride the coat-tails of movant's co-defendant. Doc.12 at 12. He picked up on arguments by Piper's counsel to explain to the jury why they should not convict movant. *Id.* Movant has not shown that Canez's strategic decisions regarding cross-examination fell below the wide range of reasonable representation.

In his second ground, movant alleges that Canez was ineffective because he failed to file a motion to sever movant's case from that of Piper. Doc. 1 at 9–10. He recognizes that the well-settled law in this circuit is that defendants indicted together should be tried together. Doc. 1 at 9 (quoting *United States v. Lopez*, 979 F.2d 1024, 1035 (5th Cir. 1992)). Joinder is the rule rather than the exception. *United States v. Mikolajczyk*, 137 F.3d 237, 240 (5th Cir. 1998). And, in particular, codefendants charged with conspiracy should be tried together. *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993). A quantitative disparity in evidence is not enough to require

6

severance. *Id.* Nor does the mere presence of a spillover effect—where the evidence of reputation or criminal history of one defendant may affect a co-defendant—ordinarily warrant severance. *United States v. Snarr*, 704 F.3d 368, 397 (5th Cir. 2013); *Pofahl*, 990 F.2d at 1483. The decision to grant a severance lies within the trial court's discretion. *Lopez*, 979 F.2d at 1035. The court must balance the prejudice to the defendant with the court's interest in judicial economy. *Id.*

To prevail on a severance claim, the defendant must isolate events occurring in the course of the trial and then demonstrate that those events caused substantial prejudice. *Snarr*, 704 F.3d at 396. He must also show that the jury instructions were insufficient to protect him from any prejudice that might have resulted from the joint trial. *Id.* Juries are presumed to follow instructions to limit evidence to the appropriate defendant. *Id*; *Pofahl*, 990 F.2d at 1483. A proper instruction was given in this case and movant has not shown that there is any reason to believe that it was not followed. Further, he has not done anything more to demonstrate substantial harm than to allege that had a severance been granted, he would have called Piper to testify that movant was not part of the conspiracy. Doc. 1 at 9–10. He has not shown, much less made any attempt to show, that Piper would have testified. Thus, he has not met his burden. *United States v. Nguyen*, 493 F.3d 613, 625 (5th Cir. 2007).

In his third ground, movant argues that the evidence was insufficient to support his conviction. Doc. 1 at 10–13. The claim is procedurally barred. Sufficiency of the evidence could and should have been raised on appeal and cannot be raised here. *Davis* 417 U.S. at 345. Movant has not made any attempt to show cause for his failure to have done so or actual prejudice resulting from the error. *Shaid*, 937 F.2d at 232. And, in any event, as the government notes, this ground fails on the merits. Doc. 12 at 16–18.

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 12th day of February, 2021.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

8